Juan Carlos Pallares SBN 289938
Law Office of Juan Carlos Pallares
2424 East Anaheim Street
Long Beach, CA 90804
Ph. 562-742-5194
jc@pallareslawfirm.com

Attorney for Plaintiff, Patrick Russell

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK RUSSELL,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF THE INTERNAL REVENUE SERVICE; ISABEL CORNEJO; and DOES 1 through 20,<br><br>　　　　Defendants(s) | Case No.:<br><br>COMPLAINT FOR DAMAGES FOR:<br>1. 42 U.S.C. § 1983: FIFTH AMENDMENT (DUE PROCESS/TAKINGS CLAUSE)<br>2. ADMINISTRATIVE PROCEDURE ACT (5 U.S.C. §706(1))<br>3. VIOLATION OF TAXPAYER BILL OF RIGHTS (26 U.S. Code § 7803(a)(3))<br><br>(Unlimited Civil – over $25,000)<br><br>Demand for Jury Trial |

COMES NOW the PLAINTIFF, PATRICK RUSSELL, and alleges and complains as follows:

**JURISDICTION AND VENUE**

1.　　The court has jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question); 28 U.S. Code § 1340 (Internal revenue; customs duties) and 28 U.S.C. § 1343(3) (civil rights). Venue lies in the Central District of California, the judicial district in which the claim arose, pursuant to 28 U.S.C. § 1392(b).

COMPLAINT FOR DAMAGES FOR: 42 U.S.C. § 1983: FIFTH AMENDMENT; ADMINISTRATIVE PROCEDURE ACT; VIOLATION OF TAXPAYER BILL OF RIGHTS

1

2.	At all times relevant hereto, Plaintiff, PATRICK RUSSELL, is an individual who, at the time the Incident(s) occurred, resided in the County of Los Angeles, State of California. Incident is defined as the investigation that was initiated against Plaintiff on or about March 2019, and has been ongoing since that time.

3.	At all times relevant hereto, Plaintiff is informed and believes, and thereupon alleges that Defendants, COMMMISSIONER OF THE INTERNAL REVENUE SERVICE and DOES 1 through 20, and each of them, was a government entity doing business located in and/or residing in the County of Orange, State of California, and/or engaged in acts, omissions, and other conduct in the County of Orange, State of California, and/or which had an effect on the Plaintiff and Plaintiff's business in the County of Los Angeles, State of California.

4.	At all times relevant hereto, Plaintiff is informed and believes, and thereupon alleges that Defendant, ISABEL CORNEJO and DOES 1 through 20, and each of them, were located in and/or residing in the County of Orange, State of California, and/or engaged in acts, omissions, and other conduct in the County of Orange, State of California, and/or which had an effect on the Plaintiff and Plaintiff's business in the County of Los Angeles, State of California.

5.	The true names and capacities of the DEFENDANTS named herein as DOES 1 through 20, inclusive, whether individual, corporate, associate, or otherwise, are unknown to PLAINTIFF who therefore sues such DEFENDANTS by fictitious names pursuant to California Code of Civil Procedure § 474. PLAINTIFF is informed and believes that DOE DEFENDANTS are principals, agents, representatives, or employees of Defendant, INTERNAL REVENUE SERVICE, located in Orange County, State of California.

---

COMPLAINT FOR DAMAGES FOR: 42 U.S.C. § 1983: FIFTH AMENDMENT; ADMINISTRATIVE PROCEDURE ACT; VIOLATION OF TAXPAYER BILL OF RIGHTS

2

PLAINTIFF will amend this Complaint to show such true names and capacities when they have been determined.

6. PLAINTIFF is informed and believes, and thereby alleges, that at all relevant times, each of the DEFENDANTS acted as a principal, agent, representative, or employee of each of the other Defendants and acted, at least in part, within the course and scope of said agency, representation or employment, and with the permission and ratification of each of the other Defendants.

## FACTUAL ALLEGATIONS

7. Plaintiff's claim arises out of an investigation of plaintiff's income tax preparation business. The investigation started in March 2019. It is now 32 months old.

8. Plaintiff, Patrick Russell (Patrick), has operated a single location income tax preparation business since 2005, when he inherited the business from his mother and deceased father, who had operated the business since 1986. Patrick has grown this business to have a client base around five thousand (5,000) from an initial client base of one thousand eight hundred (1,800).

9. In 2006, Patrick applied and passed the examination process to become an IRS Enrolled Agent, which "is the highest credential the IRS awards. Individuals who obtain this elite status must adhere to ethical standards and complete 72 hours of continuing education courses every three years." (https://www.irs.gov/tax-professionals/enrolled-agents/enrolled-agent-information)

COMPLAINT FOR DAMAGES FOR: 42 U.S.C. § 1983: FIFTH AMENDMENT; ADMINISTRATIVE PROCEDURE ACT; VIOLATION OF TAXPAYER BILL OF RIGHTS

3

10. During the time that he has operated the business, Patrick has maintained a staff of 4 to 6 employees, who he trains and supervises throughout the year. Although many people think of income tax preparation as an early year task, Patrick and his staff work year around. Patrick stays abreast of developments in tax law and trains his staff appropriately.

11. During the more than 15 years that Patrick has operated his income tax preparation business, he has been the subject of IRS examinations regarding record keeping of client income tax returns. However, the examinations have shown that he is more than complaint in meeting the IRS requirements for requesting proof of his client's eligibility for certain tax credits. Some assessments were made against Patrick; however, Patrick implemented the IRS findings in order to become even more compliant.

12. Therefore, it was a shock when Patrick received multiple IRS letters in March 2019. These letters indicated that the IRS would be investigating him on three fronts for income tax year 2017: personal income tax return (Form 1040), business income tax return (Form 1120-S), and tax return preparation practices (Internal Revenue Code 6700/6701).

13. "The idea of receiving a letter from the IRS is not a pleasant one for anyone. What makes it worse is the confusion, the fear, the assumptions and the thoughts of all the worst-case scenarios that can make you feel like you have a tidal wave of stress."
    a. — Jeffrey Schneider EA CTRS NTPIF, Now What? I Got a Tax Notice from the IRS. Help!: Defining and deconstructing the scary and confusing letters that land in your mailbox.

COMPLAINT FOR DAMAGES FOR: 42 U.S.C. § 1983: FIFTH AMENDMENT; ADMINISTRATIVE PROCEDURE ACT; VIOLATION OF TAXPAYER BILL OF RIGHTS

4

14. A truer statement could not be made regarding Patrick. Not only to receive one IRS letter but three within the span of one month, and to make matters worse, the letters came during the busiest time of the year for an income tax preparer like Patrick.

15. Each letter requested a minimum of 10 items that Patrick would have to put together within 30 days. The IRS did agree to an extension. Nevertheless, Patrick had to put together documents from 2 years prior. This took countless hours that led into weeks of work and Patrick's documentation added up to more than 2000 pages.

16. After submitting the requested documentation, Patrick with counsel attended a deposition to discuss the investigation regarding his income tax preparation practice. During the meeting, the investigator, the investigator's supervisor, and IRS counsel questioned Patrick about the documentation he provided and his day-to-day income tax preparation procedure. At the close of the 3-hour deposition, it was made perfectly clear that the investigator was not shutting down Patrick's business, and the investigation would be conducted in the background with the goal of minimally interrupting Patrick's business.

17. As stated earlier, the IRS was attacking Patrick on multiple fronts. The investigation on Patrick tax preparation practices was only one part of the IRS's onslaught. After this deposition, Patrick was also scheduled for a meeting with the IRS auditor, Pham, handling the 2017 personal and business income tax returns.

COMPLAINT FOR DAMAGES FOR: 42 U.S.C. § 1983: FIFTH AMENDMENT; ADMINISTRATIVE PROCEDURE ACT; VIOLATION OF TAXPAYER BILL OF RIGHTS

5

18. After another 2-hour meeting in July 2019, the IRS auditor requested additional documentation despite the thoroughness of Patrick's initial response. A couple of the additional request duplicated in part documents provided in Patrick's initial response. Patrick provided as much of the additional documentation as he could.

19. However, this was not enough for the IRS auditor. In January 2020, Pham advised Patrick that she would be sending letters to third parties regarding her audit of Patrick's individual and business income tax returns. These ominous letters did not reveal who the IRS would be contacting, and if Patrick would have the opportunity to defend himself if necessary.

20. Then in March 2020, Pham issued subpoenas to Wells Fargo, J.P. Morgan Chase and Citibank. The summons requested bank statements that had already been provided.

21. Then in September 2020, a new IRS auditor, Guo, contacted Patrick. Her letter also indicated that she would be contacting third parties about Patrick's income tax returns. Once again there was no indication of who would be contacted or if Patrick would have the opportunity to defend himself if necessary.

22. In November 2020, this new auditor issued subpoenas to Citibank and Bank of America, and once again for bank statements that Patrick already provided. However, this round of subpoenas requested bank statements from 2016 and 2018. These are two years that were not part of scope of the audit. This forced Patrick to request that 2 separate courts to Quash the subpoenas because

COMPLAINT FOR DAMAGES FOR: 42 U.S.C. § 1983: FIFTH AMENDMENT; ADMINISTRATIVE PROCEDURE ACT; VIOLATION OF TAXPAYER BILL OF RIGHTS

6

in the 18 months that the audit had been open, he had not received any correspondence indicating that his documentation was insufficient for the auditor to decide his case.

23. In settlement of the Quash process, Patrick provided the same 2017 bank statements that had already been provided. According to the attorney representing the IRS, parts of Patrick's file had been misplaced or lost. However, this does not answer why the new IRS auditor requested 2016 and 2018 statements, since the audit was for 2017.

24. In mid January and March 2021, the IRS auditor sent 2 more requests for information, and once again the request was duplicative of items requested and given to the first auditor. At this point, Patrick asked about his previous documentation, and once again, the response was that those items were not in the file. This means that Patrick's financial information is potentially in the hands of unknown persons, and the IRS has no means to protect him or provide him a solution.

25. After responding to the requests in March 2021, Patrick did not receive any further communication until June 17, 2021, when the IRS sent letters indicating that the audit for Patrick's personal and corporate income tax return were closed with NO CHANGES.

26. While this was great news, it may only be "the calm before the storm," because the investigation regarding Patrick's tax preparation practice is still open. This has been his career since 2005, and this investigation questions his integrity. Moreover, it is stifling his business; causing Patrick to lose clients.

COMPLAINT FOR DAMAGES FOR: 42 U.S.C. § 1983: FIFTH AMENDMENT; ADMINISTRATIVE PROCEDURE ACT; VIOLATION OF TAXPAYER BILL OF RIGHTS

7

27. As mentioned earlier, Patrick had grown his business to approximately 5,000 clients. However, in the nearly 36 months that the investigation has been open, he is down to 1,286 clients for the most recent income tax filing year.

28. Unlike the auditors in the personal and corporate income tax return audit, the investigator, Cornejo, has not contacted Patrick for much additional information since the initial 3 hours of questioning.

29. Instead, the investigator has been sending letters to Patrick's past and current clients. These letters make it clear that there is an open investigation, but that it is not regarding the person being contacted.

30. Patrick is not privy to the list of clients being contacted, except for the ones that contact him when they receive the letter. Based on this information, it appears that here have been at least 6 rounds of letters that have been sent.

31. Each time that he receives the phone call, Patrick can sense the client's anxiety; he knows that he is losing another client.

32. This investigation is like high blood pressure, a silent killer; and the letters are clogging the arteries, Patrick's clients can't get through to keep his business alive.

COMPLAINT FOR DAMAGES FOR: 42 U.S.C. § 1983: FIFTH AMENDMENT; ADMINISTRATIVE PROCEDURE ACT; VIOLATION OF TAXPAYER BILL OF RIGHTS

8

33. It has been almost 24 months and Patrick has been in limbo. Despite successfully proving that his personal and corporate income tax return are accurate and did not need to be changed, the IRS has not released his business, his main source of income for the last 15 years, from its sites.

34. Patrick is living in difficult times without knowing if he will be allowed to continue his life-long career, and that is why he is here to petition this Court to stop the IRS from continuing this burdensome, bordering on harassment, and duplicative investigation.

35. This is not about the IRS's right to audit and investigate; it is about the reasonable limit and scope. When the subject is losing his livelihood, living in uncertainty and his health is suffering because of the IRS action, then it becomes unreasonable.

## FIRST CAUSE OF ACTION

### 42 U.S.C. § 1983: FIFTH AMENDMENT (DUE PROCESS/TAKINGS CLAUSE)

36. Plaintiff realleges and incorporates by reference, as if fully set forth herein, the allegations previously set forth.

37. Under the Due Process Clause of the Fifth Amendment, Defendant must provide a fundamentally fair, orderly, and just proceeding. Defendant's investigation is close to 24 months in length and is therefore no longer fundamentally fair and just. As demonstrated by the lack of communication from the IRS investigator, Cornejo, and the lack of opportunity to present evidence in Plaintiff's favor. The closing of 2 audits (personal and corporate) against Plaintiff should serve to demonstrate that continuing this investigation will not yield any wrongdoing on Plaintiff's part.

---

COMPLAINT FOR DAMAGES FOR: 42 U.S.C. § 1983: FIFTH AMENDMENT; ADMINISTRATIVE PROCEDURE ACT; VIOLATION OF TAXPAYER BILL OF RIGHTS

9

38. Under the Takings Clause of the Fifth Amendment, Defendant must provide Plaintiff with "just compensation" when taking away one of Plaintiff's fundamental rights. In this case, Patrick has the fundamental right to own and operate his income tax preparation business without losing clients and revenue because of IRS action. The drop in clients from approximately 5,000 to 1,286 is more than significant and precariously signals the end of Patrick's life-long career.

39. Although the drop in clientele could be caused by COVID-19 and other factors, Patrick has spoken with several clients who have indicated that they will not remain clients because of the IRS letters that they have received. It appears that those letters are the direct and proximate cause of Patrick losing his business.

40. The IRS investigator's actions are intentional because it is part of her job to investigate; however, the length of the investigation and the continued mailing of letters to Patrick's clients may be beyond the scope of those duties, and Cornejo is intentionally causing Patrick to lose clientele.

## SECOND CAUSE OF ACTION

ADMINISTRATIVE PROCEDURE ACT (5 U.S.C. §706(1))

41. Plaintiff realleges and incorporates by reference, as if fully set forth herein, the allegations previously set forth.

42. Plaintiff has a clear and certain claim to have the investigation against his adjudicated within a reasonable period. Once again, this investigation has been almost open for 2 years. Defendant initially indicated that the investigation would cover 2017, but it has expanded to cover income tax returns that Patrick has prepared during the most recent tax filing season.

---

COMPLAINT FOR DAMAGES FOR: 42 U.S.C. § 1983: FIFTH AMENDMENT; ADMINISTRATIVE PROCEDURE ACT; VIOLATION OF TAXPAYER BILL OF RIGHTS

43. Defendants have a ministerial and non-discretionary duty to adjudicate the investigations in a timely manner. Patrick has requested several times for the IRS investigator to provide an update as to the timeframe for this investigation. The responses have not provided a clear answer, except that the investigation will continue.

## THIRD CAUSE OF ACTION

VIOLATION OF TAXPAYER BILL OF RIGHTS (26 U.S. Code § 7803(a)(3))

44. Plaintiff realleges and incorporates by reference, as if fully set forth herein, the allegations previously set forth.

45. Plaintiff argues that IRS investigators actions are in violation of The Taxpayer Bill of Rights, in particular 1. The Right to Be Informed—during the investigation, Cornejo has not provided any information of substance regarding the investigation 2. The Right to Challenge the IRS's Position and Be Heard—Plaintiff has not been made aware of the IRS position except that there is an investigation; he is in the dark, and this uncertainty is the cause of the damage to his business, his reputation and his physical/mental well-being. 3. The Right to Finality—the IRS investigation is currently in its 33rd month, and there is no indication that it will end 3.

## PRAYER

WHEREFORE PLAINTIFF PRAYS for judgment against Defendants, and each of them, as follows:

(a)     Compensatory general and special damages according to proof;

(b)     Exemplary and/or punitive damages against the Defendants, and each of them, according to proof;

COMPLAINT FOR DAMAGES FOR: 42 U.S.C. § 1983: FIFTH AMENDMENT; ADMINISTRATIVE PROCEDURE ACT; VIOLATION OF TAXPAYER BILL OF RIGHTS

(c) Compel Defendants to conclude the investigation against Plaintiff.

(d) Reasonable attorneys' fees and expenses of litigation as provided for by 42 U.S.C. §1988 and whatever other provision of law may be applicable;

(e) Costs of suit necessarily incurred herein; and,

(f) Such further relief as the court deems just or proper.

Dated: December 6, 2021

By: _____
Juan Carlos Pallares, Attorney for Plaintiff, PATRICK RUSSELL

COMPLAINT FOR DAMAGES FOR: 42 U.S.C. § 1983: FIFTH AMENDMENT; ADMINISTRATIVE PROCEDURE ACT; VIOLATION OF TAXPAYER BILL OF RIGHTS

12